noncompliance must be gauged with reference to the purposes of disclosure, which are to sharpen factual issues, advance the truth-finding process, accelerate the disposition of suits, and prevent gamesmanship and unfair surprise at trial (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Rios v Donovan,* 21 AD2d 409, 411). Thus, a party may reasonably be required to disclose the name and address of a witness whose identity it has learned in investigating a case but of whom the opposing party is ignorant. There is no basis, however, for requiring defendant to disclose to plaintiff the name and address of plaintiff's own treating physician, whose identity plaintiff necessarily must know himself (*cf., Burton v New York City Hous. Auth.,* 191 AD2d 669, 671; *Locastro v Horn,* 138 AD2d 358, 359; *DeJesus v Finnegan,* 137 AD2d 649, 649-650) and which information defendant would not know but for plaintiff's prior disclosure to defendant.

We further conclude that the court abused its discretion in precluding defendant from presenting the testimony of Dr. Cowan based on defendant's failure to furnish Dr. Cowan's name and address to plaintiff. As noted, a party has no obligation to generate a witness list per se. The name and address of Dr. Cowan were contained in his report, which had been served on plaintiff (*cf., Rook v 60 Key Centre,* 239 AD2d 926, 927), and thus there was no failure to disclose the information.

With respect to the court's alternative basis for preclusion, i.e., defendant's failure to disclose Dr. Cowan's qualifications along with the other expert disclosure materials (*see,* CPLR 3101 [d] [1] [i]), we note that plaintiff specifically disclaims that as a basis for upholding the ruling. In any event, because there must be a new trial, defendant will have a further opportunity to provide plaintiff with the qualifications of Dr. Cowan (*cf., Hughes v Elias, supra,* at 705). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Damages.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.

■ REECE CRANE AND RIGGING, INC., Respondent, v TRI-KRETE LIMITED, Appellant. [718 NYS2d 912] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Marks, J. (Appeal from Judgment of Supreme Court, Ontario County, Marks, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.

■ KENT H. BROWN, Respondent, v CATHERINE J. POWELL (BROWN), Appellant. (Appeal No. 1.) [718 NYS2d 673] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Steuben County,

Latham, J.—Matrimonial.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.

■ KENT H. BROWN, Respondent, v CATHERINE J. POWELL (BROWN), Appellant. (Appeal No. 2.) [718 NYS2d 674] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The record supports Supreme Court's determination that the parties did not intend to abandon the separation agreement (*see, Lippman v Lippman,* 192 AD2d 1060, 1061; *Zambito v Zambito,* 171 AD2d 918, 920, *appeal dismissed* 78 NY2d 1125). Defendant's contention that the separation agreement is unfair, unreasonable and unconscionable has not been preserved for our review (*see, Lister Elec. v Incorporated Vil. of Cedarhurst,* 108 AD2d 731, 733) and, in any event, is lacking in merit (*see, Reader v Reader,* 236 AD2d 829). We agree with defendant, however, that both the child support provisions of the separation agreement and that part of the judgment incorporating those provisions fail to satisfy the requirements of Domestic Relations Law § 240 (1-b) (h) (*see, Zenz v Zenz,* 260 AD2d 474; *see also, Matter of Michelle W. v Forrest James P.,* 218 AD2d 175, 178). We therefore modify the judgment by vacating that part incorporating the child support provisions of the separation agreement, and we remit the matter to Supreme Court to determine plaintiff's child support obligation in accordance with the Child Support Standards Act (*see,* Domestic Relations Law § 240 [1-b]; *Zenz v Zenz, supra*). (Appeal from Judgment of Supreme Court, Steuben County, Latham, J.—Matrimonial.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.

■ In the Matter of ALLAH CIPHER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [719 NYS2d 414] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The misbehavior report, other documentary evidence and petitioner's admissions constitute substantial evidence to support the determination that petitioner violated inmate rule 107.20 (7 NYCRR 270.2 [B] [8] [iii] [making false statements]; *see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). Petitioner's explanation for those statements merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin, supra,* at 966). We conclude, however, that the determination that petitioner violated inmate rule 107.11 (7